18

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Mike HENRY, Defendant—Appellant.**

No. 02–50408.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 2003.

Decided June 12, 2003.

Before: THOMPSON, TROTT, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Mike Henry ("Henry") appeals his conviction for possession with intent to distribute opium in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

A district court's order precluding testimony is an evidentiary ruling subject to review for an abuse of discretion. *United States v. Ravel,* 930 F.2d 721, 726 (9th Cir.1991). The district court did not abuse its discretion in restricting co-defendant Zadeh from testifying that Henry did not know about the drugs because Zadeh could not establish the requisite personal knowledge. Fed.R.Evid. 602. The district court also did not abuse its discretion in restricting Zadeh from testifying that the reason he turned himself in was his belief in Henry's innocence. Zadeh's belief in Henry's innocence is irrelevant except to the extent that it is based on Henry's lack of knowledge about the drugs. As we already noted, however, Zadeh could not testify as to Henry's knowledge.

The limitations on Zadeh's testimony did not violate Henry's Sixth Amendment right to present a defense. To determine whether the exclusion of evidence violates a defendant's rights, this court first considers five factors:

(1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense.

*Whelchel v. Washington,* 232 F.3d 1197, 1211 (9th Cir.2000). Zadeh's testimony was not reliable because of his lack of personal knowledge; thus, its probative value also was minimal. *Id.* While Zadeh's testimony would have constituted an important part of Henry's defense, it was not the "sole evidence on the issue." Henry was able to adequately present his defense of ignorance through Zadeh's permitted testimony that he did not tell Henry about the drugs, that he told the suppliers not to tell Henry about the drugs, and that he did not believe Henry could have detected the drugs. Henry also was allowed to argue in closing that Zadeh came forward because Zadeh believed Henry did not know about the drugs.

This Court reviews de novo alleged violations of a defendant's Fifth Amendment rights arising from a prosecutor's comments on the silence of an accused. *United States v. Beckman,* 298 F.3d 788, 795 (9th Cir.2002). The prosecutor's statement in closing was not a comment on Henry's failure to testify; it was a comment on Henry's and Zadeh's changing and inconsistent stories. Even if it was a comment on Henry's silence, it was not "extensive" and no "inference of guilt from silence [was] stressed." *Anderson v. Nelson,* 390 U.S. 523, 524, 88 S.Ct. 1133, 20 L.Ed.2d 81 (1968). Moreover, the single comment was followed by an immediate curative instruction, rendering any error harmless. *United States v. Sarno,* 73 F.3d 1470, 1498 (9th Cir.1995); *United States v. Tarazon,* 989 F.2d 1045, 1052 (9th Cir. 1993). Accordingly, there was no violation of Henry's Fifth Amendment rights.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.